UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**STEPHEN A. MAYBANK,**             )
                                   )
       **Plaintiff,**           )
                                   )
       v.                       )   Civil Action No. 10-2218 (RWR)
                                   )
**JOHN M. MCHUGH,**                 )
                                   )
       **Defendant.**           )
_____)

## MEMORANDUM ORDER

    Pro se plaintiff Stephen Maybank brings claims under Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. § 2000e et seq., and has moved for court appointed counsel. "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant[.]" 42 U.S.C. § 2000e-5(f)(1). Although this provision "gives plaintiffs a right to request representation, it does not create a statutory right to have counsel actually appointed." Poindexter v. FBI, 737 F.2d 1173, 1179 (D.C. Cir. 1984) (internal citation omitted). Whether to appoint counsel "rests in the sound discretion of the trial judge." Id. Once a plaintiff "makes a clear request for invocation of the attorney appointment power[,]" a court must consider "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the

- 2 -

plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." Id. at 1184-85.

Maybank argues that he is scheduled to be overseas from mid-January 2011 through June 2011 in connection with his job with the U.S. Army Corps of Engineers, and that a court appointed attorney would assist him in submitting filings in connection with this case while he is out of the country.  This statement might suffice to show that Maybank is incapable of presenting his case adequately without the aid of counsel.  However, Maybank's motion does not address his ability to afford counsel, the merits of his case, or his previous efforts to secure counsel.  See Robinson-Reeder v. Am. Council on Educ., 626 F. Supp. 2d 11, 16 (D.D.C. 2009) (denying pro se plaintiff's motion to appoint counsel and noting that the plaintiff had offered "scant support for her request [to appoint counsel] beyond her own assertions" about her inability to afford counsel, the merits of her claim, and her ability to present the case without counsel, and further noting that she had made no showing with respect to her efforts to obtain counsel).  Accordingly, it is hereby

ORDERED that the plaintiff's motion [2] for court appointed counsel be, and hereby is DENIED without prejudice to plaintiff refiling the motion with evidence documenting his inability to afford an attorney and his previous efforts to secure counsel,

- 3 -

and any additional explanation as to why he will be incapable of presenting his case without the aid of counsel.

SIGNED this 22nd day of January, 2011.

                                                _____/s/_____
                                                RICHARD W. ROBERTS
                                                United States District Judge